## Petrucci Appeal

Before Pinola, P. J., Bigelow and Schiffman, JJ.

*J. Earl Langan* and *Charles J. Bufalino, Jr.*, for exceptants.

*Sandor Yelen*, for board of elections.

BIGELOW, J., for the court en banc, October 11, 1965. —Exceptions have been filed to the decision of this court, dated August 6, 1965, as to the disposition by

the court of seven appeals from the decisions of the county board of elections. Counsel for John Petrucci, the original challenger to all of the ballots involved in this review, filed exceptions to that part of the court's decision reversing the board of elections and accepting the ballot of Bernard M. Cameli. Counsel for Sam Abromavage, Jr., and John P. LaNunziata filed exceptions to those portions of the court's decision voiding the absentee ballots of Aldo Ferrette, Michael Furino, Rudolph S. Pace, Lawrence Rome, Lorraine Rome and Joseph Miller, whereby the court reversed the board of elections' decision accepting the absentee ballots of Aldo Ferrette, Michael Furino, Lawrence Rome, Lorraine Rome and Joseph Miller, and sustained the board's decision rejecting the ballot of Rudolph S. Pace.

The latter exceptions are for the stated reason:

". . . said Decision and Order with respect to said absentee ballots was contrary to law".

We have carefully reviewed the record of the testimony before the board of elections and the decision of Judge Bigelow in the light of the arguments presented by counsel before the court en banc.

We are satisfied that Judge Bigelow was correct in holding that the pertinent sections of the Election Code permit a voter's absentee ballot to be successfully challenged before the election board, if satisfactory proof is adduced before the election board that the voter, in fact, was in Luzerne County on the election day in question, in accordance with the Act of August 13, 1963, P. L. 707, sec. 22, 25 PS §3146.6 (b), amending article XIII of the Act of June 3, 1937, P. L. 1333. See pages 3 and 4 of the decision dated August 6, 1965, which are incorporated by reference herein. However, a majority of the members of this court en banc, namely President Judge Pinola and Judge Schiffman, are of the opinion that this subsection further means that a voter who has obtained an absentee ballot for

the reason that he expects to be out of the county on the day of the election, but who, in fact, is in the county on election day (in this case, primary election day), and is ill or disabled and thus unable to vote in person, is entitled to have his absentee ballot counted, notwithstanding his presence in the county. The writer respectfully dissents from that interpretation of this subsection, and would reject the ballot unless it were obtained for the reason of illness or disability, together with the necessary physician's certificate. In this decision, the interpretation of the majority applies only to the ballot of Rudolph S. Pace.

However, we further believe that Judge Bigelow erred in the court's rulings upon the application of the pertinent provisions of the Election Code to the absentee ballots in question under the exceptions filed. We specifically rule that:

1. The burden of proof is upon the challenger to establish the truth of his averment in support of his challenge by the fair preponderance of the credible evidence before the board of elections.

2. Absent such proof, the ballot shall be sustained.

3. The court may not substitute its judgment as to the credibility of the witnesses for that of the board of elections before whom the witnesses appeared and testified.

4. The court, in reviewing the rulings of the board, may reverse the board of elections only for a mistake of law or for a clear abuse of discretion, including a capricious disregard of the testimony.

Applying the above standards to the rulings of the board and the decision of Judge Bigelow, we find the following:

1. As to the ballot of Bernard M. Cameli, rejected by the board, and accepted by Judge Bigelow, the basis for the challenge was the averment that Bernard M. Cameli did not sign the absentee ballot. The voter was

notified that his ballot was challenged, but did not appear at the hearing. The burden of proof was on John Petrucci, the challenger, to prove the assigned reason. There was no testimony on the basis of which the board could rule that the signature of the voter on the voter's declaration was not genuine. In fact, Gerald Clapps testified that he was present and witnessed the signature of the voter on both the application of the absentee ballot and the voter's declaration on the already sealed envelope: Record, pp. 5, 6 and 9. Even disregarding Mr. Clapps' testimony, if the board had determined it was not credible, there was no competent testimony, expert or otherwise, before the board which would support a finding by the board that the signature was not that of Bernard M. Cameli. Thus, the challenger had not met his burden of proof, and the court correctly reversed the board's ruling rejecting this ballot. The exception is overruled.

2. As to the absentee ballot of Aldo Ferrette, the board overruled the challenge, thereby sustaining this ballot: Record, pp. 15-18. The court, Bigelow, J., reversed the board and ordered that the ballot be voided: Decision, p. 5. Judge Bigelow was in error in overruling the board, as the board must have made its ruling on the basis that the testimony of John Petrucci that he had seen Mr. Ferrette in Exeter on the early afternoon of primary election day was not credible. As this was the only testimony in support of the challenge to this absentee ballot, the court should have sustained the board's decision, and ordered this ballot counted, in accordance with the principles set forth hereinabove, as the challenger did not meet his burden of proof. The court may not substitute its judgment for that of the board as to the credibility of the witnesses.

3. As to the absentee ballot of Michael Furino, the board overruled the challenge and accepted the ballot: Record, pp. 18-27. The court, Bigelow, J., reversed the

board, and held that the board should have sustained the challenge and voided the ballot, Decision, p. 5, based upon Mr. Petrucci's testimony that he saw Michael Furino near the third ward polls, Wyoming Avenue, Exeter, on primary election day: Record, p. 18. Mr. Clapps had testified that he knew that the voter had departed from Exeter about 6 a.m. on that date: Record, p. 24. The burden of proving Mr. Furino's presence in Luzerne County was on Mr. Petrucci, the challenger. The board chose not to believe his testimony. The court may not substitute its judgment for that of the board as to credibility of the witness. Judge Bigelow erred in reversing the board, and should have sustained the board and accepted this ballot.

4. As to the absentee ballot of Rudolph S. Pace, the board rejected this ballot on the basis of the testimony of Joseph Rock and John Pace, the voter's father, that the voter was in Exeter on primary election day: Record, pp. 32, 35, inclusive. John Pace further testified that his son had a broken leg, and that this was his reason for being at home, although normally he would have been out of the county, as he is employed on the Great Lakes. Here, the board believed the testimony that the voter was in Exeter, and discounted the reason for his presence. The court sustained the board, and ruled that the board was correct in rejecting this ballot on the basis of the testimony before it.

The Act of August 13, 1963, P. L. 707, sec. 22, amending the Pennsylvania Election Code, in subparagraph (b), is as follows:

"(b) In the event that any such elector, excepting an elector in military service or any elector unable to go to his polling place because of illness or physical disability, entitled to vote an official absentee ballot shall be in the county of his residence on the day for holding the primary or election for which the ballot was issued, or in the event any such elector shall have

recovered from his illness or physical disability sufficiently to permit him to present himself at the proper polling place for the purpose of casting his ballot, such absentee ballot cast by such elector shall, upon challenge properly sustained, be declared void".

The majority of this court en banc holds that this subsection enables any absentee voter who is entitled to vote an official absentee ballot, and who, in fact, is in the county of his residence on Election Day, is nonetheless entitled to have his absentee ballot counted, if such voter is ill or physically disabled, and thus unable to present himself to the court of common pleas for the purpose of procuring an "Emergency Voting Form". As applied to the ballot of Rudolph S. Pace, the majority further holds that the testimony of John Pace establishes that his son was disabled, and that as a matter of law the board and Judge Bigelow were in error in rejecting this ballot. The burden of going ahead with the evidence following the proof of the disability of the voter shifted to the challenger. As to this ballot, the majority of this court en banc holds that the challenger did not establish that Rudolph S. Pace had sufficiently recovered from his disability to permit him to present himself at his polling place for the purpose of casting his ballot, consonant with the principle that "Every rationalization within the realm of common sense should aim at saving the ballot rather than voiding it": Norwood Election Contest Case, 382 Pa. 547, 552.

The board will be directed to accept and count the absentee ballot of Rudolph S. Pace.

5. As to the absentee ballot of Lawrence Rome, challenged for the alleged reason that he was present in the county, and able to vote in person, the board of elections overruled the challenge and accepted the ballot. On the basis of the testimony of John Petrucci that he saw Mr. Rome on Primary Day about 5:30 (Record,

p. 47), the court overruled the board of elections and sustained the appeal and declared the ballot void. This ruling was incorrect, for the reason stated above that the court should not substitute its judgment as to the credibility of the witness for that of the board. The board chose to disregard the testimony of John Petrucci, as reflected in the board's acceptance of the absentee ballot of Lawrence Rome. Thus, the challenger did not sustain his burden of proof, and the board of elections correctly overruled the challenge. For this reason, the court will sustain the board of elections, and will order the absentee ballot of Lawrence Rome accepted and counted.

6. As to the absentee ballot of Lorraine Rome, challenged for the reason that she was in the county and available to vote on Primary Election Day, the challenge was overruled by the board despite the testimony of John Petrucci that he saw her on Primary Day on the porch of her home at 12:30 or 1:00: Record, p. 51. While the voter did not appear before the board, and thus there was no testimony supporting the absentee ballot, the ruling of the board could have been made only upon the basis that the board did not find the testimony of John Petrucci credible. As noted above, this ruling or finding of the board cannot be overruled by the court. Thus, the challenger did not meet his burden of proof, the board was correct in accepting the ballot of Lorraine Rome, and the hearing judge was in error in sustaining the appeal from the board of elections. The court, therefore, will order the absentee ballot of Lorraine Rome accepted and counted.

7. As to the absentee ballot of Joseph Miller, the board of elections rejected his absentee ballot on the basis of testimony that he walked into the polling place on Primary Day without assistance, and had been driven to the polls by Joseph Rock: Record, pp. 44, 45. In the court's opinion, the fact that a voter appears at

the voting place to vote, if believed by the board of elections, will support a challenge to a ballot issued for illness and physical disability. As noted in the court's opinion at page 8, the uncontradicted testimony on the record is that Joseph Miller did appear at the polling place to vote in person. This testimony was believed by the board of elections, and on that basis, the board rejected the absentee ballot. The hearing judge sustained the board of elections, and in this ruling, the hearing judge was correct. Section 1308 of the Pennsylvania Election Code, as amended, provides that the challenge to an absentee ballot obtained for the reason that the voter was unable to appear personally at the polling place because of illness or physical disability may be upon the grounds:

". . . or (3) that the absentee elector was able to appear personally at the polling place on the day of the primary or election during the period the polls were open, . . .": Act of August 13, 1963, P. L. 707, sec. 24.

As to the absentee ballot of Joseph Miller, the challenger sustained his burden of proof before the board of elections and, therefore, this ballot was properly rejected by the board of elections and by the court.

For the reasons set forth above, the board of elections will be directed to accept and count the absentee ballots of Rudolph S. Pace, Aldo Ferrette, Michael Furino, Lawrence Rome and Lorraine Rome. The decisions of the hearing judge as to these ballots will be reversed. As to the absentee ballots of Bernard M. Cameli and Joseph Miller, the decisions of the hearing judge will be sustained and the exceptions thereto overruled.

### ORDER

The exceptions filed to the decision by Bigelow, J., dated August 6, 1965, are sustained as to the ballots of Rudolph S. Pace, Aldo Ferrette, Michael Furino, Lawrence Rome and Lorraine Rome, and the Board of

Elections of Luzerne County is hereby directed to accept and to count these absentee ballots. The exceptions to the decision of Bigelow, J., as to the absentee ballots of Bernard M. Cameli and Joseph Miller are dismissed.

With the exception of the action herein ordered by the board of elections as to the ballots of Rudolph S. Pace, Aldo Ferrette, Michael Furino, Lawrence Rome and Lorraine Rome, the board of elections is directed to proceed with the canvass and computation of the challenged ballots, in accordance with the order of August 6, 1965, Bigelow, J.