Williams Appeal.

Argued November 25, 1968.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert E. Woodside*, with him *Vincent V. Rovito*, and *Woodside & Woodside*, for appellant.

*David Berger*, with him *Howard L. Schambelan*, *Sheldon W. Farber* and *Stephen F. Poklemba*, for appellee.

OPINION BY MR. JUSTICE COHEN, May 9, 1969:

This is an action resulting from challenges to the validity of certain absentee ballots in the November 7, 1967, General Election held in Northumberland County. In the contest for the third member of the Board of County Commissioners, appellee (Kehler) led the appellant (Williams). Both candidates challenged the counting of certain absentee ballots before the Election Board. From an adverse ruling of the Board, Kehler took an appeal which was heard by a special court en banc appointed by this Court. Williams filed a motion to dismiss that appeal on the basis that it was filed beyond the statutory filing period. The special court found otherwise and Williams appeals the refusal to grant his motion to dismiss and from other rulings of the court.

The written order of the Election Board disposing of the challenges was filed Thursday, February 29, 1968. Kehler took his appeal to the Court of Common Pleas of Northumberland County on Monday, March 4, 1968. The Election Code allows two days for taking an appeal from the decision of the Board.[1] The dispute arises as to computation of days elapsed where the final day upon which the appeal may be filed falls on a Saturday. Appellant contends that the Election Code of 1937, P. L. 1333, Art. I, §103, 25 P.S. §2603, which does not exclude a terminal Saturday in the counting, is the applicable statute. Appellee and the lower court maintain that the 1959 amendment to the Statutory Construction Act of 1937, P. L. 1019, Art. III, §38, 46 P.S. §538, has superseded the Election Code

---

[1] Act of June 3, 1937, P. L. 1333, §1407, 25 P.S. §3157.

and that the exclusion of a terminal Saturday in the 1959 amendment permits the appellee to file his appeal on the following Monday. We agree.

The Statutory Construction Act, as amended, 1959, August 11, P. L. 691, §1, reads: "When any period of time is referred to in any law, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."

The meaning of this statutory language is clear. It refers to "any law" and "all cases." This section supersedes the computation method on all previously effective laws. No express repealer of the method of computation used in the Election Code is required because §66 of the Statutory Construction Act, P. L. 1019, Art. IV, 46 P.S. §566, provides that the law with the latest date of enactment is to prevail if an irreconcilable conflict exists between laws passed at different legislative sessions. Appellee filed within the required two days when he filed his appeal on Monday, March 4. To hold otherwise would be to ignore the Statutory Construction Act and the expressed legislative intent.

While unnecessary to decide this case, an examination of legislative history further substantiates our position. The original statute passed to regulate the computation of time, Act of June 20, 1883, P. L. 136, covered not only laws but also rules, orders, decrees of court and ordinances, resolutions, and by-laws of municipal or other public and private corporations. The 1883 Act was an attempt to govern the computation of time in a broad spectrum of matters. The legislature re-enacted part of the 1883 Act pertaining to "laws" by incorporating it

into the Statutory Construction Act of 1937. It also re-enacted that part of the 1883 Act into the Election Code of 1937. When the 1959 legislature amended the Statutory Construction Act at 1959, P. L. 691, so as to exclude Saturday as a terminal date, it also amended the 1883 Act at 1959, P. L. 692, so as to exclude Saturday as a terminal date in rules, orders, decrees, ordinances, resolutions, and by-laws. Thus there was a meticulous attempt to cover all the situations in which Saturday is the terminal day by changing the computation of time. It was a careful attempt to update the 1883 Act and make uniform the broad spectrum of matters covered therein. This would leave no room for excluding the Election Code from the legislative scheme. The Election Code which patterned itself in this respect from the Statutory Construction Act is not to be exalted over the entire legislative pattern.

Since the second day following the Board's order was Saturday, March 2, 1968, appellee had until Monday, March 4, 1968, to file. For this reason the lower court did not err in refusing to grant appellant's motion to dismiss.

We have reviewed the other contentions of the appellant and conclude that the determination of the Special Court of Common Pleas en banc, appointed by Chief Justice JOHN C. BELL to preside in all matters arising from the election of November 7, 1967, is correct.

Orders affirmed.

---

DISSENTING OPINION BY MR. JUSTICE JONES:

I am forced to dissent because I am of the opinion that the recent amendment to the Statutory Construction Act is not applicable to this case.

The Election Code is very specific in its requirements, and there is no question whatsoever that under

the Code the appeal from the Election Board to the Common Pleas Court was untimely filed. On the other hand, the Statutory Construction Act is a general statute designed to aid in the interpretation and construction of statutes which are ambiguous or silent on the point in question. The question involved on this appeal is clearly and unequivocally controlled by the Election Code, there is no ambiguity in the Code language and, therefore, there is no necessity to even consider the Statutory Construction Act.

The majority opinion maintains, in effect, that the recent amendment to the Statutory Construction Act repeals §103(e) of the Election Code. This amendment, however, contains no repealer section, repealing either explicitly or impliedly §103(e). A general statute, such as the Statutory Construction Act, cannot repeal by implication a specific statute such as the provision in the Election Code. Instead, the two statutes must be interpreted as consistent with each other, if at all possible. Such an interpretation is possible, for the legislature never intended the Statutory Construction amendment to apply to the time limitations contained in the Election Code.

The majority ignores the fact that the Statutory Construction Act should only be resorted to when there is an *ambiguity* in the statute to be interpreted. Here there is no contention that there is any ambiguity in the Election Code. The ambiguity results when the majority attempts to apply the Statutory Construction Act to the facts of this case. Surely, the legislature never intended for the Statutory Construction Act to be applied to *create* an ambiguity.

The original Statutory Construction Act was adopted prior to the enactment of the Election Code and that Act contained a provision for the tabulation of days. Despite this provision, the legislature included a simi-

lar provision for the tabulation of days in the Election Code controlling all appeals in election cases. If the legislature intended the Statutory Construction Act to apply to the Election Code, then this provision in the Election Code was superfluous. Given this, the fact that the legislature, in amending the Statutory Construction Act, did not repeal the corresponding provision in the Election Code leads me to believe that the legislature never intended the Statutory Construction Act to apply to the very detailed and specific structure of the Election Code.

Under this interpretation of the facts in this case, the court below committed error in even considering the appeal of Oscar Kehler. Instead, the court should have counted the absentee ballots without questioning the qualifications of the voters since a challenge to the qualifications was not raised within the time period required by the Election Code.

In the alternative, I must also express my disagreement with the majority's resolution of the merits of appellant's case.

After considering the contentions raised in Oscar Kehler's petition, the court below issued an order placing the burden upon the absentee voters to justify their right to vote by absentee ballot. I am most disturbed that once a challenge is brought against an absentee ballot *after* the election, the person challenged must carry the burden of establishing the validity of the election board's issuance of an absentee ballot and of his absentee status before the county board. This burden is especially inequitable when two very important facts are realized: (1) there is ample opportunity for challenges to absentee ballots to be lodged *prior* to the election when a list is published of all applicants for such ballots; (2) the challenge at issue here arises at a time when the person who claims absentee status can-

not vote at his regular polling place if the challenge should be upheld and thus is totally disenfranchised. As to the latter point, it has always been the object of our election laws to "provide the elector with an opportunity to take curative action, if possible, and thus to preserve the privilege of absentee balloting." *Absentee Ballots Case*, 423 Pa. 504, 515, 224 A. 2d 197 (1966) (concurring and dissenting opinion). By placing such an obstacle in the path of a challenged absentee balloter after the election, such a policy is obviously obstructed.

As in all of our jurisprudence, it is my view here that the burden must rest on the one who brings the challenge. The alternative, if the ruling of the court below is to prevail, would result in a situation where all absentee ballots might be challenged without regard to the merits of the challenge, but only for the purposes of harassment. This would cause those who wish to take advantage of such ballots considerable hardship and deter many from exercising their privilege of the franchise. I believe a presumption of validity should exist (after the application for and issuance of ballots by the Election Board), and that any burdens should rest on those who seek to have the absentee ballots overturned.

This position is consistent with the view adopted by two trial courts. In the case of *Petrucci Appeal*, 38 Pa. D. & C. 2d 675, 677 (Luzerne C.P. 1965), the court en banc held, "We specifically rule that . . . the burden of proof is upon the challenger to establish the truth of his averment in support of his challenge by the fair preponderance of the credible evidence before the board of elections." And in *City of Duquesne Election Appeals*, 39 Pa. D. & C. 2d 545, 551 (Allegheny C.P. 1965), it was stated "The challenge of the right to an absentee ballot . . . is based upon the contention

that they were in Florida on a vacation. The testimony does not sustain this contention, and the burden of proving such contention has not been met."

I believe the trial court erroneously placed the burden on those who cast absentee ballots thus committing prejudicial error. Therefore, I conclude that the court below committed error first, in hearing the appeal untimely filed and second, in its disposition of the merits.

For these reasons, I dissent.

Mr. Justice ROBERTS joins in this dissent.