## Commonwealth *v.* Boyer, Appellant.

Submitted December 11, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Theodore S. Danforth,* Public Defender, for appellant.

*Henry J. Rutherford,* Assistant District Attorney, for appellee.

OPINION BY CERCONE, J., March 19, 1970:

A criminal complaint was lodged against Donald M. Boyer charging him and others with the crimes of burglary and larceny at the Leola Bowling Lanes in Leola, Pennsylvania. The criminal complaint stated: "3. The date when the accused [sic] the offense was on or about *December 28, 1967* and the date of the week was *Thursday* (insert only if day of week is essential element of offense)." The Indictment which followed also charged the crimes to have been committed "on or about December 28, 1967".

Boyer filed a formal notice of alibi, stating: "1. The above named defendant intends to claim an alibi defense for each of the dates involved in the counts listed above. 2. For the night of Thursday, December 28, 1967, he will show by his mother, Mrs. Donald Boyer, Gordonville, R. D. #1, Pennsylvania, that he was at the home of his parents at Gordonville, R. D. #1, Pennsylvania." The case then proceeded to trial on the above Indictment and two other Indictments charging defendant with burglaries and larcenies on January 7, 1968, to which crimes defendant also interposed the defense of alibi.

As to the burglary and larceny alleged to have occurred on December 28, 1967, State policeman Robert Haycock testified he arrived at the Leola Bowling

Lanes at 9 A.M. on the morning of December 28, a Thursday, and found the place burglarized. He could not testify as to when this burglary and larceny occurred.

However, written statements and the testimony of codefendants who pleaded guilty and testified in defendant's behalf, revealed the crimes to have occurred on the night of December 27, 1967. Consequently, that evidence, together with the testimony of Trooper Haycock, made defendant's alibi for the night of December 28 completely ineffectual.

The Commonwealth did not explain why it had alleged, in the Criminal Complaint and in the Indictment, that December 28 was the date of the crime, when it knew, from information received in the case, that the actual date was December 27. It did not contend it had erred. It made no attempt to prove the crimes were committed on December 28, nor did it move to amend the indictment to allege December 27 as the date of the crime. The Commonwealth merely chose to ignore the variance.

Defense counsel made a motion to quash the indictment by reason of the variance between the allegata and probata which motion the court below refused. The jury returned a verdict of guilty on all three indictments. Defendant then moved for a new trial, which motion was refused and this appeal followed.

The refusal of the motion to quash the Indictment has presented a question not as yet directly passed upon by our Pennsylvania courts: In view of the alibi defense, was the variance between the date alleged in the Indictment and the date proved at trial a fatal defect? A survey of the existing law compels an affirmative answer.

The general rule is as stated in *Commonwealth v. Levy*, 146 Pa. Superior Ct. 564 (1941), at page 571: "The Commonwealth is not bound by the date laid

in the bill of indictment but can show any date within the statutory period and prior to the finding of the indictment, *except in cases where time is of the essence of the offense*: Com. v. Powell, 23 Pa. Superior Ct. 370; Commonwealth v. Major, 198 Pa. 290." (Emphasis supplied) In this case, the Complaint filed against defendant expressly makes time of the essence in that "Thursday" was inserted as the day of the crime in the complaint form which contained the words "insert only if day of week is essential element of offense". Though the dictum in the *Levy* case, supra, would indicate that dates approximating those set forth in the indictment may be proved and be sufficient to convict an accused, it must be noted that the alibi defense in that case did not refer to the dates set forth in the Indictment but to other dates appearing in the evidence so that the issue here presented was not involved.

In the present case, December 28 was the date alleged in the Indictment, and in reliance on that date, the defendant filed his formal notice of alibi "for the night of December 28". To charge him with knowledge that the Commonwealth meant the night of December 27 would be to charge him with a guilty knowledge, contrary to the presumption of innocence with which the law clothes him.

In *Commonwealth v. Spanos*, 153 Pa. Superior Ct. 547 (1943), this court affirmed the allowance of an amendment of the indictment to correct an obvious clerical error in the date alleged, this court noting, however: ". . . *it had become apparent from the nature of appellant's cross-examination of the Commonwealth's witness that he would admit that he had treated Agnes Tessaro, would not allege an alibi*, and that his defense was that already stated. Consequently, his defense was not prejudiced by the amendment. Moreover, before the court allowed the amendment, it heard a detective who testified that in appellant's presence, before the

police magistrate, he stated that the time of the offense was December 5, 1942. Thus, apart from the information and indictment, appellant had knowledge of the Commonwealth's position on the matter of the date." (Emphasis supplied)

In *Commonwealth v. Rouse,* 207 Pa. Superior Ct. 418 (1966), we noted that no alibi was offered for either the date charged in the Indictment or for any other date and therefore held there was no merit to defendant's argument that he was deprived of the ability to assert an alibi defense "in violation of the Fifth and Fourteenth Amendments to the Federal Constitution" by the failure of the Commonwealth to prove that the offenses charged happened on the date set forth in the Indictment.

The above reasoning in the *Spanos* and *Rouse* cases clearly indicates this court's point of view to be that the existence of an alibi defense does make the time alleged material to defendant's case. This view has been adopted by courts of other jurisdictions which have had occasion to pass upon the issue.

In *State v. Whittemere,* 255 N.C. 583, 122 S.E. 2d 396 (1961), the State had knowledge that the crime charged occurred on the last day of March or the early part of April, and yet the Indictment charged the misconduct to have occurred on March 19, 1961. The defense was alibi. The lower court held that the time of the commission of the offense was not of the essence, and the appellate court (Supreme Court of North Carolina) reversed, saying: "True the time named in a bill of indictment is not usually an essential ingredient of the crime charged, and the State may prove that it was in fact committed on some other date . . . *But this salutary rule, preventing a defendant who does not rely on time as a defense from using a discrepancy between the time named in the Bill and the time shown by the evidence for the State, cannot be used to ensnare a de-*

*fendant and thereby deprive him of an opportunity to adequately present his defense.* The State did not contend that there was confusion as to the time named in the bill of indictment. It insisted the date named was in fact the true date. . ." (Emphasis supplied).. The above rule was quoted and affirmed in *State v. Wilson,* 264 N.C. 373, 141 S.E. 2d 801 (1965), the court holding, however, that the variance in that case was not material to defendant's alibi defense as the alibi included the date placed in evidence as well as the other date charged in the Indictment.

In *State v. Campbell,* 324 Mo. 249, 22 S.W. 2d 645 (1929), the Missouri Supreme Court held. that where the defense was alibi it was prejudicial error for the trial court to instruct the jury it could convict if it found the offense to have been committed at any time within the three-year statute of limitations.

It has been uniformly held in other jurisdictions that where the state has alleged and relies on a fixed date and defendant also relies on that date in preparing his defense, it is error to permit a jury to find that the crime was committed on another date, time being of the essence where the defense is alibi. In *State v. Severns,* 13 Wash. 2d 542, 125 P. 2d 659 (1942), *State v. King,* 50 Wash. 312, 97 P. 247 (1908) and *State v. Morden,* 87 Wash. 465, 151 P. 832 (1915), the Supreme Court of the State of Washington consistently held that where the State has fixed the exact time when the act charged was committed, and the defense is alibi, the commission of the crime on the exact date so fixed is the controlling issue, and the jury should be instructed that they must find the act to have been committed at that time.

In *State v. Cooper,* 114 Utah 531, 201 P. 2d 764 (1949), the Supreme Court of Utah noted "The issue of time may be very important where defendant's defense is alibi. . .".

292

In *Hash v. State,* 48 Ariz. 43, 59 P. 2d 305 (1936), the Supreme Court of Arizona followed the rule that it is error for the court to instruct the jury that the exact date of the commission of the crime is immaterial where the defense is alibi. In *State v. Simmering,* 89 Ariz. 261, 361 P. 2d 4 (1961), that Court again affirmed the rule but held that the particular instruction involved was not prejudicial in light of the entire charge.

The Supreme Court of Oregon in *State v. Pace,* 187 Oregon 498, 212 P. 2d 755 (1949), stated: "Time particularly becomes material where an alibi is claimed. (citing cases)"

And the California Supreme Court held in *People v. Waits,* 18 Cal. App. 2d 20, 62 P. 2d 1054 (1936), it was the trial court's duty, where the defense is alibi, to limit the jury's consideration of the evidence to the date selected by the prosecution.

In *State v. Chittim,* 261 S.W. 2d 79 (Mo., 1953), the Missouri Supreme Court stated that the State having chosen a date for the commission of the crime, there was no foundation for the court's instruction as to the crime having been committed at any other time, the court noting such instruction nullified the alibi defense presented by defendant.

In the case now before us the Trial Court permitted the jury to find that the crime was committed either on the 27th, 28th, or 29th, saying in its charge: "There seems to be some difference as to whether this was the 29th or the 28th of December. The date in the Indictment is the 28th and the date given as his alibi is the 28th. There seems to be some question as to whether that was the 29th or the 27th. The Indictment charges the 28th and that is the date for which the alibi is given." Thus, the Trial Judge was permitting the jury to find that the crime was committed on either of three different dates when there was no evidence to

support a finding that the crime was committed on any night except that of December 27, which was not the date charged nor attempted to be proved by the Commonwealth. Since the jury was required to find that the crime was committed on the date alleged, that date being of the essence in view of the alibi defense, and since there was no proof that the crime was committed on that date, it was error to submit the case to the jury and refuse defendant's motion to quash the indictment. By permitting the jury to determine the date of the commission of the offense when the evidence fixed the time as the night of December 27, the trial court deprived defendant of his alibi defense.

It is difficult to understand why defense counsel did not immediately realize the ineffectiveness of his alibi defense for the night of December 28 when State Policeman Haycock testified to investigating the burglary of the Bowling Lanes on the morning of December 28. It is equally difficult to understand why, after his motion to quash the Indictment was refused, defense counsel did not request the trial court to instruct the jury that the time alleged for the commission of the crimes was of the essence in view of the alibi defense. Instead, no objection was made to the court's charge, which, as above stated, permitted the jury to find that the crime was committed on a date other than the date charged. However, these failures of defense counsel, offending against the fundamentals of a fair trial, cannot operate as an estoppel or waiver to pursue the motion to quash the Indictment,[1] which we hold should have been granted.

[1] "It has long been the law of this Commonwealth that '[a] man is not to be deprived of his liberty . . . because of the inadvertence of a trial judge *or the carelessness of his counsel in failing to call the attention of the trial court to palpable error which offends against the fundamentals of a fair and impartial trial.*' " *Commonwealth v. McLean*, 213 Pa. Superior Ct. 297. (Emphasis supplied)

We do not find, however, that the variance between the date alleged and the date proved as to the larceny and burglary of the Leola Bowling Lanes in any way prejudiced defendant in his alibi defense to the other crimes charged and shown to have been committed on January 7, 1968. We find the verdicts of guilty on those two indictments to be supported by both the law and the evidence.

Accordingly, we reverse the judgment of sentence on the charges of burglary and larceny on December 28, 1967 entered at No. 104 March Sessions, 1968, and order the Indictment quashed.

We affirm the judgment of sentence on the charges of burglary and larceny on January 7, 1968, entered at Nos. 105 and 111 March Sessions, 1968, and it is ordered that the defendant appear before the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof, which has not been performed at the time the appeal in this case was made a supersedeas.