## Commonwealth v. Kline

*Samuel C. Ranck,* District Attorney, for Commonwealth.

*George J. Nagle,* for defendant.

MOSER, J., May 4, 1972.—On August 16, 1971, two criminal complaints charging receiving stolen goods were filed against defendant, Kenneth Frank Kline. These complaints alleged that on or about the third week of August 1969, defendant purchased the personal

property described in the complaints from Charles William Neidig, knowing the same to be stolen. On the same date a warrant was issued to the Pennsylvania State Police for service.

On August 16, 1971, the District Attorney of Northumberland County presented written requests to this court for authority to submit two bills of indictment to the grand jury of Northumberland County at the "present term of court," alleging that the "statute of limitations would bar prosecution at the next term of court." This court (Kivko, P. J.) on the same date, granted the district attorney leave to make the presentment as requested. On August 16, 1971, the grand jury returned the two indictments against defendant, each containing three counts of receiving stolen property.

On September 1, 1971, defendant, attended by Public Defender Nagle, of Northumberland County, was arraigned in open court and pleaded not guilty to both indictments lodged against him. On September 14, 1971, this court (Moser, J.) granted the motion of Public Defender Nagle that the proceedings be continued to the next term of court to allow a motion to quash the two indictments to be presented for decision by the court. This court granted a rule on the district attorney to show cause why the two indictments should not be quashed following a petition filed December 1. 1971, by Public Defender Nagle, alleging that (1) the indictments set forth that the offense happened "on or about the third week of August 1969" without giving a specific date; (2) the statute of limitations expired prior to the indictments; and (3) presentment to the grand jury without prior preliminary hearing.

Rule of Criminal Procedure 213(b) provides that: "An indictment . . . shall be valid and sufficient in

law if it contains: (3) The date when the offense is alleged to have been committed, if the precise date is known, . . . provided that if the exact date is not known . . . an allegation that it was committed on or about any date within the period fixed by the statute of limitations shall be sufficient."

It is not necessary to prove the exact time alleged, except where time enters into the nature of the offense. Any other time may be shown on the trial, if it is prior to the finding of the indictment, and within the period prescribed by the statute of limitations: Commonwealth v. Major, 198 Pa. 290; Commonwealth v. Boyer, 216 Pa. Superior Ct. 286. Accordingly, the failure to set out in the indictment a specific date for the commission of the offense cannot be the basis for quashing the indictment.

It is a general principle of our law that an indictment is fatally defective and should be quashed when it charges the commission of an offense beyond the applicable period of limitation and fails to allege any factual justification for the tolling of the statute of limitation: Commonwealth v. Smith, 212 Pa. Superior Ct. 403: Commonwealth v. Cody, 191 Pa. Superior Ct. 354. The appropriate statute of limitation is the Act of March 31, 1860, P. L. 427, sec. 77, as amended, 19 PS §211. The pertinent part of this statute provides that unless otherwise specified, all indictments for felonies and misdemeanors "shall be brought or exhibited within two years next after such felony or misdemeanor shall have been committed": Commonwealth v. Kuhn, 200 Pa. Superior Ct. 649, 653.

The language of the indictment returned on August 16, 1971, alleged that the offense had taken place "on or about the third week of August 1969." It appears to be undisputed that the third week of August began Friday, August 15, 1969, and ended Thurs-

day, August 21, 1969. It should also be noted that August 15, 1971, was a Sunday, and that the indictments were returned on the following day, Monday, August 16, 1971.

In testing the timeliness and applicability of the statute of limitations, defendant points out that August 15, 1969, occurred during "the third week of August 1969," the time of the offense alleged in the indictment, and, was also a date more than two years prior to August 16, 1971, the date of presentment of the indictments to the grand jury. Defendant contends, therefore, that the indictments must be quashed since the time of the action alleged therein may possibly extend beyond the statutory period.

The Commonwealth is not bound by the dates laid in the bill of indictment but can show any date within the statutory period and prior to the filing of the indictment, except in cases where time is of the essence: Commonwealth v. Levy, 146 Pa. Superior Ct. 564. Although defendant argues that time is of the essence in this proceeding, we have been unable to find any basis for such a determination in the records of this case: Commonwealth v. Boyer, supra.

By quashing the indictment before the receipt of evidence would be to ignore the very real possibility that the commission of the offense occurred within the statutory period. The Commonwealth should be afforded the opportunity of proving that the offense occurred within the statutory period, and the indictments should not be quashed for a possible technicality: Commonwealth v. Silverstein, 445 Pa. 497.

In computing the period of time to be included in the statute of limitations in the present proceeding, it appears necessary to follow the mandate of section 38 of the Statutory Construction Act of May 28, 1937, P. L. 1019, art. III, as amended, 46 PS §538. Under

it, the period of time referred to in any law is computed so as to exclude the first and include the last day of the period: Commonwealth v. Kuhn, supra. It is also provided in this section that if the last day of any period of time referred to in any law falls on Sunday, such day shall be omitted from the computation of the period: Williams Appeal, 434 Pa. 274. Accordingly, an indictment found and exhibited on Monday, August 16, 1971, would be within the two-year period of limitation after the alleged commission of an offense on August 15, 1969.

Since there had been no preliminary hearing prior to the presentation of the district attorney's bill to the grand jury in this case, defendant argues that the procedure prescribed by law was not followed requiring that the indictments be quashed for lack of due process. In the case of Commonwealth v. Lotito, 43 Northumberland L.J. 126, under similar circumstances, this court approved the procedure of the presentment of a district attorney's bill to the grand jury without a preliminary hearing. Our decision in that case was based on the rule of the Pennsylvania Supreme Court in Commonwealth v. McCloskey, 443 Pa. 117, 130:

"In the overwhelming majority of cases a criminal action commences with the appropriate prosecuting official's filing of a complaint. Preliminary arraignment and a preliminary hearing follows. This procedure, which can certainly be viewed as the norm, admitted of exceptions in three general situations:

"The first is where the district attorney or attorney general submits a bill to a grand jury without previous binding over or commitment of the accused . . .

"The second exception is when an indicting Grand Jury makes a presentment based on personal knowledge of the jurors without any bill of indictment having been laid before them. . .

"We are here concerned with the final exception—a prosecutor's submission of an investigating grand jury presentment to an indicting grand jury with leave of court. . ."

It is our conclusion that this contention of defendant is not a proper basis for quashing the indictments in this proceeding.

## ORDER

And now, May 4, 1972, the motion filed by defendant, Kenneth Frank Kline, in the above proceeding, to quash the indictments filed against him to May term, 1971, nos. 227 and 228, is hereby dismissed.