J-A23022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFONZO MICHEL DEIULIIS | |
| Appellant | No. 1290 WDA 2014 |

Appeal from the Judgment of Sentence June 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014043-2013

\*\*\*\*\*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALFONZO DEIULIIS | |
| Appellant | No. 1291 WDA 2014 |

Appeal from the Judgment of Sentence June 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014132-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:          **FILED DECEMBER 08, 2015**

Alfonzo Michel DeIuliis appeals from his judgments of sentence,[1] entered in the Court of Common Pleas of Allegheny County, after the trial court denied his post-sentence motions.[2] Upon careful review, we affirm.

The instant case stems from incidents that occurred in February 2013, July 2013, and August 2013 at an LA Fitness ("the gym") in McCandless Township. DeIuliis was charged at docket number 0014043-2013 (Case 1) with two counts of unlawful contact with a minor,[3] corruption of minors,[4] indecent assault,[5] indecent exposure,[6] open lewdness[7] and harassment.[8] Those charges involved a minor victim, D.L. DeIuliis was also charged in Case 1 with indecent exposure, open lewdness, and harassment with respect to

---

[1] By order dated October 6, 2014, this Court consolidated DeIuliis's appeals at 1290 WDA 2014 and 1291 WDA 2014 (which consisted of two separate trial court docket numbers with separate judgments of sentence entered below). **See** Pa.R.A.P. 513.

[2] **See Commonwealth v. Chamberlain**, 658 A.2d 395 (Pa. Super. 1995) (order denying post-sentence motion acts to finalize judgment of sentence; thus, appeal is taken from judgment of sentence, not order denying post-sentence motion).

[3] 18 Pa.C.S. § 6318(a)(1).

[4] 18 Pa.C.S. § 6301(a)(1)(i).

[5] 18 Pa.C.S. § 3126(a)(1).

[6] 18 Pa.C.S. § 3127(a).

[7] 18 Pa.C.S. § 5901.

[8] 18 Pa.C.S. § 2709(a)(4).

victim E.H. DeIuliis was charged at docket number 0014132-2013 (Case 2) with indecent exposure and open lewdness. Case 2 involved victim E.W.

At trial, DeIuliis presented an alibi defense claiming that he was not at the LA Fitness at the time the victims alleged he committed the instant offenses. The defense presented alibi witness, Raffaella Greco, who testified that DeIuliis was at her mother's house on August 12, 2013, from the late afternoon (4:30PM/5:00PM) until approximately 9:30 PM. To lend further support to his alibi defense, DeIuliis testified on his own behalf and submitted LA Fitness records indicating that he was not in the gym on the alleged dates of the offenses. A portion of his testimony focused on his being on vacation in Florida from July 19-July 30, 2013; this testimony was offered to rebut E.W.'s claim that he was the victim of DeIuliis's actions during that time period.

After a three-day joint jury trial held in May 2014, DeIuliis was convicted of seven of the ten crimes charged in Case 1[9] and adjudicated guilty of both charged offenses in Case 2. On June 24, 2014, DeIuliis received an aggregate sentence on both cases of 42 days' incarceration (with credit for time served), with six months of house arrest, and seven years of probation. DeIuliis was also classified as a "Tier 2" offender[10] under this Commonwealth's Sexual

---

[9] The court dismissed counts 4 (indecent assault as to D.L.), 8 (indecent exposure as to E.H.) and 9 (open lewdness as to E.H.). With regard to counts 5 (indecent exposure) and 6 (open lewdness), DeIuliis was found guilty, but no further penalty was imposed.

[10] As a "Tier 2" offender, DeIuliis is required to register under SORNA for 25 years. **See** 42 Pa.C.S. § 9799.15(a)(2).

Offender Registration and Notification Act (SORNA).  **See** 42 Pa.C.S. §§ 9799.10-9799.41.

DeIuliis filed timely post-sentence motions in both cases that were denied; this appeal followed.  On appeal, DeIuliis raises the following issues for our review:

(1)   Whether the evidence was insufficient to support Mr. De[I]uliis's convictions in case 2 because the Commonwealth failed to prove the offenses charged occurred on the dates contained in the information or as testified to at trial?

(2)   Whether the evidence was insufficient to support Mr. De[I]uliis's conviction at count 1 of case 1 where the evidence did not reveal he contacted a minor for the purpose of engaging in a prohibited activity enumerated in 18 Pa.C.S. § 6318?

(3)   Whether the evidence was insufficient to support Mr. De[I]uliis's conviction at count 2 of case 1 where the evidence did not reveal he contacted a minor for the purpose of engaging in open lewdness?

(4)   Whether the evidence was insufficient to support Mr. De[I]uliis's conviction at count 3 of case 1 where the Commonwealth did not prove corruption of minors as actually charged?

(5)   Whether the evidence was insufficient to support Mr. De[I]uliis's conviction at count 7 of case 1 where the Commonwealth failed to prove intent?

(6)   Whether the evidence was insufficient to support Mr. De[I]uliis's conviction at count 10 of case 1 where the Commonwealth failed to prove intent?

(7)   Whether, in these alibi defense cases, the trial court erred in instructing the jury that the date of an offense is not an essential element of the crime?

(8)   Whether the trial court erred in denying Mr. De[I]uliis's weight of the evidence claim as to case 2 where the trial court failed to apply the law and acted manifestly unreasonable?

(9)     Whether the trial court erred in denying Mr. De[I]uliis's weight of the evidence claim as to counts 1, 2, 3, 5, 6, and 7 of case 1 where the trial court failed to apply the law and acted manifestly unreasonable?

(10)    Whether the trial court erred in sustaining the Commonwealth's objection to mistaken identity evidence and precluding the jury from considering same, which was relevant and not speculative?

Appellant's Brief, at 10-11.

After reviewing the parties' briefs, relevant case law and the certified record on appeal, we conclude that the Honorable Donna Jo McDaniel adequately addresses DeIuliis's sufficiency and weight of the evidence claims on appeal. We, therefore, rely upon Judge McDaniel's decision, **see** Trial Court Opinion, 9/18/14, at 2-9, in affirming those issues.[11]

DeIuliis also claims that the trial court improperly instructed the jury[12] that the dates on which several counts in Cases 1 and 2 occurred were not essential elements of the crimes for which he was charged and for which he advanced an alibi defense. DeIuliis contends that the instruction was an

_____

[11] We note that the trial court incorrectly states that DeIuliis propositioned E.H. for oral sex. Trial Court Opinion, 1/13/15, at 6. In fact, DeIuliis propositioned just D.L. for oral sex. However, DeIuliis did ask E.H. if he "would like to jack off with [him] sometime" both in the gym sauna and in the gym parking lot. Therefore, his conduct does constitute harassment as defined in section 2709.
[12] We recognize that defense counsel properly objected to the given instruction at the end of the Commonwealth's closing. **See** N.T. Jury Trial, 5/14/14, at 261. At that time the court noted counsel's objection to the charge. **Id.** Therefore, we find that this issue is properly preserved on appeal. **See** Pa.R.A.P. 302(b) (specific exception to jury charge required to preserve issue for appeal).

- 5 -

"inaccurate statement of the law" and, accordingly, amounted to an abuse of discretion because it deprived him of the ability to assert his alibi defense.

A trial court has broad discretion in how its jury instructions are phrased. ***Commonwealth v. Kerrigan***, 920 A.2d 190, 198 (Pa. Super. 2007). It may choose its own wording as long as the law is clearly, adequately and accurately presented. ***Id.*** In assessing a challenge to jury instructions, the instruction must be viewed as a whole. ***Commonwealth v. Jones***, 858 A.2d 1198, 1201 (Pa. Super. 2004). The general effect of the charge controls, and courts will not scrutinize isolated excerpts out of context. ***Id.*** Reversible error occurs only where the court provides an inaccurate statement of the law. ***Kerrigan***, ***supra*** at 198.

Instantly, the trial court gave the jury the following alibi instruction:

In this case **the defendant has presented evidence of an alibi, that is, that he was not present at the scene but was rather at another location at the precise time the crime took place**. You should consider this evidence along with all of the other evidence in the case, in determining whether the Commonwealth has met its burden of proving guilt beyond a reasonable doubt that a crime was committed, and that the Defendant committed it.[13]

The defendant's evidence that he was not present either by itself or that, together with other evidence, may be sufficient to raise a reasonable doubt of the defendant's guilt, and you must find him not guilty.

_____

[13] An alibi is "a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party." ***Commonwealth v. Rainey***, 928 A.2d 215, 234 (Pa. 2007) (internal citations omitted).

\*     \*     \*

**You are not bound by the dates alleged in the information.** It is not an essential element of any of the crimes charged. You may find the defendant guilty if you are satisfied beyond a reasonable doubt that **he committed the crime charged in and around, on or about the date charged in the information, even though you are not satisfied that he committed it on the particular date alleged in the information.**[14]

N.T. Jury Trial, 5/14/14, at 272, 274 (emphasis added).

To support his claim that the court's instruction was erroneous, DeIuliis relies upon **Commonwealth v. Boyer**, 264 A.2d 173 (Pa. Super. 1970). In **Boyer**, the defendant was charged with, among other crimes, larceny and burglary. In its criminal complaint, the Commonwealth stated that "[t]he date when the accused [committed] the offense was on or about *December 28, 1967* and the date of the week was *Thursday* (insert only if day of week is essential element of offense)." **Id.** at 174 (emphasis in original). The indictment alleged the crime to have occurred "on or about December 28, 1967." **Id.** The defendant offered an alibi defense at trial, specifically targeting the dates involved in the criminal complaint and information.

At trial, written statements and testimony by co-defendants, as well as testimony from the investigating officer, revealed that the crimes occurred on the night of December *27*, 1967, not on December *28*. **Id.** at 174-75. Therefore, the evidence presented at trial made the defendant's alibi for the

_____

[14] The court's instruction is taken verbatim from Pennsylvania's Standard Criminal Jury Instruction 3.19 (relating to date of crime; proof of date alleged not essential). **See** Pa. SSJU (Crim) 3.19.

night alleged in the complaint and information "completely ineffectual." *Id.* at 175. As a result, our Court reversed defendant's judgment of sentence for the larceny and burglary charges and ordered the indictment quashed. *Id.* at 278. The Court also focused on the fact that because the criminal complaint expressly made the day of the crime an essential element of the offense, *id.* at 175, it would be fundamentally unfair to uphold the convictions where the defendant relied on that specific date in preparing and presenting his alibi defense. *Id.*

In coming to its decision, the *Boyer* Court noted that, generally, the Commonwealth "is not bound by the date laid in the bill of indictment but can show any date within the statutory period and prior to the finding of the indictment, *except in cases where time is of the essence of the offense*." *Id.* at 175 (emphasis in original). The Court also concluded that "the existence of an alibi defense *does* make the time alleged material to the defendant's case." *Id.* at 176 (emphasis added).

Instantly, the Commonwealth's bill of information in Case 1 charged DeIuliis with the relevant crimes committed against E.H. and D.L. as having occurred "on (or about) Monday, the 12th day of August, 2013." Moreover, in its criminal complaint, the Commonwealth lists the alleged acts against E.H. as having occurred "on February 24, 2013" and that the alleged acts against D.L.

occurred "on August 12, around 2130 hours."[15]   Similarly, in its bill of information in Case 2, the Commonwealth alleged the acts against victim E.W. occurred "on or about Monday, the 1st day of July, 2013."   In its criminal complaint, the Commonwealth alleged that the act occurred "on or about 07/01/2013."[16]

Viewing the jury instruction as a whole, we note that the court's alibi instruction is a correct statement of the law.  Here, DeIuliis presented evidence to show that he was not present at the gym, but was rather at another location *at the precise time the crime took place*.  Therefore, although the time when the crime occurred was relevant and central to DeIuliis's alibi defense, ***Boyer***, ***supra*** at 176, it was not an essential element of the charged crimes. Generally, time is not an essential element of the offenses charged unless the Commonwealth expressly states it is or it is specifically in the charged crime. ***Levy***, ***supra*** (citing Sunday laws as specific example of when time an element of crime charged).  Here, the Commonwealth did not so expressly state, ***cf.***

_____

[15] On August 29, 2013 at approximately 6:30 PM, D.L. identified DeIuiliis to gym management.  Gym management then told DeIuiliis that he was no longer allowed on gym property and that his membership would be terminated.  After taking a statement from D.L.'s mother about the incident, police investigated the situation and were able to tie it to E.H.'s prior complaint regarding similar behavior at the same gym.

[16]  More specifically, the affidavit of probable cause indicates that the incident occurred "[i]n July of 2013 [while E.W.] was at the gym in the evening, sometime around 9:30 p[.]m[.]"  The affidavit also states that "about 2 weeks later [E.W.] again was at the gym" and had another encounter with DeIuliis.

***Boyer***, nor did the charged crimes include time as an essential element of the offense.

Moreover, DeIuliis was on notice of the time frame ("on or around") when the victims allege the crimes occurred. ***See Commonwealth v. Levy***, 23 A.2d 97, 99 (Pa. Super. 1941) ("where a particular date or day of the week is not of the essence of the offense, the date laid in the indictment is not controlling, but some other reasonably indefinite date must be established with sufficient particularity to advise the jury and the defendant of the time the Commonwealth alleges the offense was actually committed, and to enable the defendant to know what dates and periods of time he must cover if his defense is an alibi."). Finally, DeIuliis did present alibi evidence, specifically gym attendance records, for the "relevant time periods" alleged in the criminal information and complaint.[17] Therefore, he has not shown how the court's instruction prejudiced his alibi defense. ***Cf. Boyer***, ***supra***.

Accordingly, we cannot find that the court's instruction amounted to reversible error. Essentially, the jury chose to believe the victims' testimony and disbelieve DeIuiliis' alibi. It was within the province of the jury, as factfinder, to assess the witnesses' credibility. ***Commonwealth v. Pirela***, 580 A.2d 848, 852 (Pa. Super. 1990). We will not disturb its findings where they are supported in the record.

_____

[17] The fact that DeIuliis chose to present alibi evidence for a specific time was up to him. It does not make the jury instruction erroneous.

Finally, DeIuliis claims that the trial court improperly sustained the Commonwealth's objection to mistaken identity evidence, which effectively precluded the jury from considering relevant, non-speculative evidence. He claims that the trial court's ruling constituted reversible error.

We may reverse rulings on the admissibility of evidence only if we find that the trial court abused its discretion. ***Commonwealth v. Lockcuff***, 813 A.2d 857, 860 (Pa. Super. 2002). Moreover, all relevant evidence is admissible. Pa.R.E. 402. Evidence is considered relevant if "it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." Pa.R.E. 401.

Instantly, mistaken identity was not at issue. Therefore, because it was not relevant to a fact in the case, the court properly deemed DeIuliis's self-serving answer to such a line of questioning inadmissible. There was no abuse of discretion. ***Lockcuff***, *supra*.

Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/8/2015</u>

- 11 -