AUGUSTINE, Judge.
This is an appeal by Ronald Laporte on his conviction of a theft of a riding lawnmower valued at $1,090. He was sentenced to serve two years at hard labor. Laporte appeals on the ground that there was no evidence presented which would support the conviction of a crime occurring on March 9, 1981. After reviewing the record we agree and therefore reverse his conviction and sentence.
Ronald Laporte was charged by bill of information for the theft of a riding lawnmower valued at $1,090 from Joe’s Bicycle and Lawnmower Shop. The bill of information states that the offense occurred on March 10, 1981 at 10:00 a.m. Lyle Mcln-tire, the owner of Joe’s Bicycle and Lawnmower, testified at the preliminary hearing and at the trial that on March 10, 1981 he received a check dated that same day and signed by Ronald Laporte using the fictitious name of Robert Rainey. Further, Mr. Mclntire testified that it was about 4:45 p.m. when Mr. Laporte entered the store to purchase the lawnmower. During the trial, when there was a question as to the admissibility of the testimony of alibi witnesses, both the state and counsel for the defense agreed that the date of the offense was March 10, 1981.
The defendant produced alibi witnesses who testified that on the date charged, defendant was playing cards at the Rubiccos’ house from 3:00 p.m. until after midnight. If believed, this testimony required acquittal. The trial judge in her reasons for judgment said, “The Court has no doubt that on Tuesday, March tenth the defendant played cards and was in the company of his friends. Equally, the Court has no doubt that on the evening preceding March ninth, approximately 5:00 p.m., 1981, the defendant defrauded Joe’s Bicycle Shop *682 by theft.” It is significant to note that the only occasions on which March 9 was mentioned was upon questions initiated by the trial judge.
The state did not seek to prove a crime on March 9, 1981. Had the state produced evidence of a crime on that date but inadvertently stated in the bill of information that the crime occurred on March 10, 1981, the state could have amended the bill of information to conform with the proof adduced at trial, with a continuance granted to the defendant to prevent surprise or prejudice. State v. Pickett, 261 La. 237, 259 So.2d 307 (La.1972); La.C.Cr.P. art. 468 and comments thereto. However, all of the evidence refers to March 10, 1981 as the date of the offense.
Serious questions of deprivation of due process come to mind when an accused is given the date of an offense, prepares a defense accordingly, and his alibi is accepted by the trial court only to learn that he has been convicted because the trial judge believes the offense occurred on another date. The trial court therefore acquitted the defendant of the crime occurring on March 10, 1981 evidenced by the fact that she believed the defendant’s alibi.
The standard of review of sufficiency of the evidence under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Fuller, 414 So.2d 306 (La.1982) is whether a rational trier of fact, accepting the facts in a light most favorable to the prosecution, could have found the defendant guilty of the crime charged beyond a reasonable doubt. In the present case there is absolutely no evidence upon which to base the conviction.
Since there is no evidence which would support a conviction on a crime occurring on March 9,1981, the judgment of the trial court is hereby reversed.
REVERSED.