PER CURIAM:
The defendant was charged by bill of information with two counts of simple burglary in violation of La.R.S. 14:62. After trial by jury in September of 1989, he was acquitted on one count and found guilty on the other count of the responsive verdict of unauthorized entry of a business. R.S. 14:62.4. The trial court sentenced him to two years at hard labor. On appeal, the First Circuit affirmed the defendant’s conviction and sentence in an unpublished opinion, 592 So.2d 5. We granted the defendant’s application for review, State v. Gerard, 623 So.2d 1343 (La.1993), to consider his argument that the trial *175 court’s instructions to the jury, some three hours into their deliberations, invited jurors to convict him of an offense not charged in the bill of information. We find that under the particular circumstances of this case, the trial court’s instructions, an otherwise correct statement of the law regarding the immateriality of date and time when they are not essential elements of the offense, may have misled the jury and diluted the defendant’s right to a unanimous verdict on the specific act charged against him. We reverse accordingly.
The state charged the defendant in separate counts with breaking into the East Baton Rouge Parish District Attorney’s Office and the East Baton Rouge Parish Sheriffs Tax Office, both housed in the Governmental Building in Baton Rouge. The offenses occurred in the spring of 1988. According to the state’s theory of the ease, based principally on the testimony of a Derrick Moore, the defendant abused his status as a Baton Rouge Police Officer to gain access to, and pilfer from, various offices within the Governmental Building. The theft of approximately 5,000 dollars from the safe in the Sheriffs Tax Office sometime over the weekend of May 20, 1988, spurred the investigation which led to the defendant’s arrest.
In addition to the charged offenses, the state also presented evidence linking the defendant to the removal of several pornographic videotapes from an exhibit box maintained in the office of the assistant district attorney assigned to prosecute an obscenity case against an adult video store in Baton Rouge. The tapes had been seized in 1986 and were removed without authority from the District Attorney’s Office sometime later. The state also presented evidence that in a search conducted at the defendant’s home after his arrest, the police retrieved several documents belonging to the Honorable Steven Dozer and the Honorable Frank Foil, taken at an unspecified time from their offices within the First Circuit Court of Appeal on the eighth floor of the Governmental Building. The state introduced evidence of these other crimes under the rationale of State v. Prieur, 277 So.2d 126 (La.1973).
The search of defendant’s home had also led to the discovery of a laminated plastic card removed by the defendant, according to Derrick Moore, from the office desk of the District Attorney, Bryan Bush. Printed on the card were the combinations to the two safes maintained in the office. Moore, a longtime acquaintance of the defendant and the centerpiece of the state’s case at trial, told jurors that he had accompanied the defendant during both charged burglaries. He recalled that the break-in at the District Attorney’s Office had been interrupted by a third person entering the office. Moore testified that he scrambled behind a safe while the defendant, dressed in his police uniform, talked his way out of trouble. Moore thought that this encounter took place two or three weeks before the Tax Office burglary. According to Moore, on the day after that break-in, the defendant gave him a video titled, “Black Girls Do It Better.” Moore had seen the tape and several other sex videos in the in the defendant’s home before the break-in at the District Attorney’s office. He testified that the defendant “just told me he got them from ... the Governmental Building — the building we’re in.”
Bob Phillips, an investigator for the District Attorney’s Office, recalled encountering the defendant late at night inside the office sometime during the spring of 1988. Phillips initially placed the date of that encounter on May 18, 1988, and that date was reflected in the amended bill of information, which charged that the offense occurred “on or about May 10 to May 18, 1988.” After talking with his wife and reviewing a log of his activities, however, Phillips revised his estimate and testified at trial that the encounter had, in fact, taken place on April 18,1988, or two to three weeks before the dates estimated by Moore in his testimony.
In his own testimony, the defendant maintained his innocence but acknowledged that he had run into Phillips in the District Attorney’s office late one spring night. The defendant testified that he had gone into the office to check on a large cache of marijuana seized as evidence and maintained in a storage closet. Defendant agreed with Phillips *176 that the April 18, 1988 date was “about right.”
The state made no attempt at trial to amend the bill of information to conform its allegations to the testimony of Moore, Phillips, or the defendant. La.C.Cr.P. art 488. Three hours into deliberation, the jury returned to the courtroom with a request directed to “what date and time did Dwayne Gerard testify that he encountered Mr. Phillips in the DA’s office.” The court refused to answer that question and denied the jury’s further request to view the amended bill of information. The foreperson of the jury then asked the court whether the dates listed in the bill of information were “set in stone.” The court declared a recess and conferred with counsel. Upon return of the jury, the foreperson asked whether “we have to agree that we think that something occurred or did not occur exactly within those dates?” The court reread jurors the bill of information charging the date of the District Attorney’s Office burglary “on or about” May 10 to May 18, 1988. Over defense objection, the court also read jurors the provisions of La.C.Cr.P. art. 468, which state that “[i]f the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time....” “In this offense,” the court added, “the date or time is not essential.”
Taken out of context, the trial court’s instruction correctly stated the law. Date and time are not essential elements of burglary, and a bill of information charging that the offense occurred “on or about” a certain date is valid, State v. Guillot, 200 La. 935, 9 So.2d 235 (1942), especially when a date “reasonably near is established.” United States v. Nersesian, 824 F.2d 1294, 1323 (2d Cir.1987), cert. denied, 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); see also United States v. Reed, 887 F.2d 1398 (11th Cir.1989); United States v. Creamer, 721 F.2d 342 (11th Cir.1983). In many jurisdictions, proof that the offense has occurred at any time within the statutory limits on prosecution and before the filing of the indictment appears sufficient to sustain the validity of the indictment, no matter what date the state has alleged in its formal charge. See 3 C.E. Torcía, Wharton’s Criminal Procedure, § 511 (12th ed. 1975).
Nevertheless, this general rule “may not operate to deprive a defendant of the opportunity to present a defense.” State v. Cameron, 83 N.C.App. 69, 349 S.E.2d 327, 330 (1986). Even when they are not essential elements of an offense, time and date may become “of the essence when the defendant presents an alibi defense to the offense charged, or is in some other way prejudiced by the date set forth in the indictment.” Commonwealth v. Peluso, 240 Pa.Super. 330, 361 A.2d 852, 856-57 (1976); State v. Booth, 92 N.C.App. 729, 376 S.E.2d 242 (1989); State v. Cameron, supra; Commonwealth v. Boyer, 216 Pa.Super. 286, 264 A.2d 173 (1970). A trial court’s instruction to jurors that the date of an offense is immaterial may therefore constitute reversal error, despite its validity as a general matter, State v. Chittim, 261 S.W.2d 79 (Mo.1953), particularly when the instruction invites jurors to convict the defendant of other uncharged acts proved against him at trial of the charged offense. See e.g. State v. Whittemore, 255 N.C. 583, 122 S.E.2d 396 (1961).
In this case, the defendant claimed an alibi for only count one of the bill of information charging the Tax Office burglary, the offense for which the jury acquitted him after he called several witnesses to account for his whereabouts over the weekend of May 20, 1988. The defendant otherwise acknowledged the encounter with Bob Phillips in the District Attorney’s Office in the spring of 1988, and it was for that specific act of unauthorized entry that the state had brought the defendant to trial in count two.
Time became of essence on that count, however, when the state introduced evidence of another act of unauthorized entry into the District Attorney’s office involving the sex videos seized by the police in 1986. The state charted the entire course of the investigation for the jury, from the rental of videotapes by undercover officers, to the execution of a search warrant at the store, the delivery of the tapes to the secretary for Judge Ponder, who had issued the warrant, the transfer of the tapes to Tom Walsh, the assistant *177 district attorney assigned the case, and storage of the tapes in Walsh’s office within the confines of the Governmental Building. Finally, the state showed jurors how the tapes came back into the possession of the police in May of 1988 and attempted to establish, independently of Derrick Moore, the defendant’s connection with the evidence. In all, the state called six witnesses, not including Moore, to prove this offense against the defendant.
When the jurors returned to the courtroom, they appeared principally interested in the discrepancy between the April 18, 1988 dates given by the defendant and Phillips, and the May 10 to May 20, 1988 dates listed in the bill of information. The trial court’s instruction may have helped the jurors resolve that discrepancy and reach a verdict on the offense charged in the bill of information. The court did not, however, caution jurors, as Prieur requires, 277 So.2d at 180, that the “defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.” The court’s charge on the immateriality of date and time thereby invited jurors to convict the defendant for the burglary of the District Attorney’s Office on any date suggested by the evidence at trial.
The state had placed great emphasis on the uncharged burglary of the District Attorney’s Office involving the sex videos, and jurors clearly had doubts about the credibility of Derrick Moore, as evidenced by their rejection of his testimony on the count charging the Tax Office burglary. Under these circumstances, a reasonable possibility exists that jurors may not have reached a verdict on the charged offense but agreed that the defendant had committed the earlier entry involving the pornographic videotapes. A reasonable possibility also exists that while all six jurors agreed that the defendant had committed an authorized entry of the District Attorney’s Office, the six jurors did not agree unanimously on any particular act. In either ease, the court’s instruction compromised the defendant’s right to a unanimous verdict on the act charged against him, a necessary corollary of his fundamental due process protection against “conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” State v. McDaniel, 410 So.2d 754, 756 (La.1982) [quoting In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970) ].
The defendant’s conviction is therefore reversed, his sentence vacated, and this case is remanded to the district court for all further proceedings in accord with the law.
CONVICTION REVERSED; SENTENCE VACATED; CASE REMANDED.
CALOGERO, C.J., not on panel.