BONIN, J.,
assigning reasons, concurs in the result on rehearing.
hi concur in the result only to the extent that I am bound by the en banc disposition that State v. Reyer[1] was correctly decided and is thus binding precedent in this circuit. I, however, maintain my view that Reyer was wrongly decided and that now this case is its misguided progeny. By permitting a trial judge to accept evidence both contrary to the allegations of an indictment and beyond any modifications or clarifications produced by a bill of particulars, our decisions invade the exclusive province of the fact-finder at a trial on the merits. Under these decisions, at the pretrial stage of a criminal prosecution the *40 trial judge may substantively decide when the charged offense was committed and, based upon such -determination, quash an indictment. This authority is unsupported in our statutory scheme and displaces our traditional notions of the appropriate functions of the prosecutor and the jury in making that determination. Until Reyer, the trial judge at the pre-trial stage could only determine whether the indictment was timely filed within the limitations period for the offense charged as alleged in the indictment and as modified by any bill of particulars; the trial judge had no 12authority to substantively decide on his own that the date the offense was actually committed.
Below I explain in detail what, I view, is the prosecutorial burden at a hearing on a motion to quash a bill of indictment[2] filed prior to trial that asserts that the time limitation to institute prosecution has expired in that subset of cases in which (1) the indictment on its face alleges a date for the commission of the offense that falls within the applicable prescriptive period corresponding to the date of the filing of the indictment and, (2) the prosecution has not filed a bill of particulars that alters the date alleged in the indictment itself.
I
I begin my explanation by acknowledging that the reasonings of the majority opinion on original hearing and of the Reyer opinion cannot be reconciled or distinguished. Both opinions treat the circumstance in which a bill of indictment alleges a date certain for the commission of the offense charged. In both opinions, the face of the bill of indictment reflected that the prosecution was instituted prior to the expiration of the prescriptive period. A bill of particulars was not furnished by the district attorney in either case. Both defendants’ pre-trial motions to quash under La.C.Cr.P. arts. 532(7) and 572 A(2) were then granted by the trial judge. And, importantly, both opinions considered the effect of the failure of either party to introduce any evidence whatsoever during the hearing on the defendant’s motion to quash.
The panels in these cases encountered procedurally-identical circumstances and handed down opinions legally-juxtaposed. In Reyer, the panel held that, when the timeliness of the institution of prosecution is raised by motion to quash, the prosecution bears “the burden of proving the facts riecessary” to overcome such ^challenge. See 13-0135, p. 8; 129 So.3d at 757 (citing State v. Brumfield, 11-1599, p. 13 (La.App. 4 Cir. 11/29/12); 104 So.3d 701, 709) (emphasis omitted). In that case, the prosecution charged the defendant by bill of information with one count of theft in the amount of $1500 or more, a violation of La. R.S. 14:67 B, on July 18, 2011, claiming that the offense occurred on August 7, 2007. The defendant filed a motion to quash under La.C.Cr.P. art. 532(7), asserting that the latest possible date for the theft’s occurrence was July 10, 2007 and thus the four-year prescriptive period for the institution of prosecution set forth in La.C.Cr.P. art. 572 A(2) had lapsed. The panel affirmed the trial judge’s decision to grant that defendant’s motion to quash, finding that the prosecution was required and failed to introduce evidence at the hearing to show that the prosecution was instituted timely. See Reyer, 13-0135, pp. 11-12; 129 So.3d at 759.
In our original opinion in this case, however, we applied the framework utilized in *41 State v. Schmolke[3] and State v. Byrd[4] for the review of motions to quash. We accepted the facts set forth in the bill of information as true and reviewed the face of that bill to determine whether that prosecution had been instituted in a timely manner. See State v. Cobb, 13-0431, p. 2 (La.App. 4 Cir. 6/25/14); 161 So.3d 28, 40, 2014 WL 2892388. Here, the district attorney filed a bill of information on January 25, 2012, charging Ms. Cobb with felony theft allegedly committed on February 10, 2011. Ms. Cobb responded by filing a motion to quash that bill of information under La.C.Cr.P. art. 532(7). After our de novo review, we reversed the trial judge’s decision to sustain that motion to quash and found that Ms. Cobb was timely charged on the face of the bill of information. The opinion also noted that Ms. Cobb relied upon a police officer’s affidavit in support of her arrest warrant to establish that the offense was committed on December 28, 2007. |4That evidence, however, could not be considered on appeal as it was not admitted into evidence at the hearing on the motion to quash.
Thus, in determining which decision should be prospectively applied, a question of law must be answered: Does the district attorney bear any further evidentiary burden to “show that the prosecution was timely instituted” under La.C.Cr.P. art. 577 when a defendant files a pre-trial motion to quash under La.C.Cr.P. art. 532(7) and the bill of indictment charging that defendant is not facially prescribed?
II
In order to answer that question, I set forth the general rules governing review of motions to quash. I then apply those precepts to the facts of this case, showing again that the trial judge erred in granting Ms. Cobb’s motion to quash under La. C.CrJP. art. 532(7).
A
“A motion to quash is ... a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge.” Byrd, 96-2302, p. 18; 708 So.2d at 411. See also La.C.Cr.P. art. 531. “All issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La.C.Cr.P. art. 537. “A motion to quash shall ... specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.” La. C.Cr.P. art. 536. “The matter of factual guilt or innocence ... is ... not raised by the motion to quash.” State v. Advanced Recycling, Inc., 02-1889, p. 9 (La.4/14/04); 870 So.2d 984, 989 (quotations omitted). “A trial judge is simply not authorized to decide a defendant’s guilt or innocence in pre[-]trial summary proceedings.” State v. Marcelin, 13-0893, p. 8 (La.App. 4 Cir. 12/18/13); 131 So.3d 427, 432. Thus, “[a]n attack on the merits of the [district attorney's case is not Rproperly raised by a motion to quash.” State v. Marcal, 388 So.2d 656, 660 (La.1980).
The grounds upon which a motion to quash may be based are not limited to those statutorily-enumerated; rather, La. C.Cr.P. arts. 532-534 provide an illustrative, non-exclusive list. See State v. Tanner, 425 So.2d 760, 762 (La.1983); State v. Franklin, 13-0488, pp. 4-5 (La.App. 4 Cir. 10/9/13); 126 So.3d 663, 667. One such statutorily-provided ground upon which a motion to quash a bill of indictment may be asserted is when “[t]he time limitation for the institution of prosecution ... has expired.” La.C.Cr.P. art. 532(7). Article *42 572 of the Code of Criminal Procedure sets forth prescriptive periods for the institution of prosecutions which vary depending on the offense with which the defendant is charged.
When a defendant moves prior to trial to quash a bill of indictment under La. C.Cr.P. art. 532(7), the trial judge, in ruling on the motion, “must accept as true the facts contained in the bill[ ] of information ... and determine as a matter of law and from the face of the pleadings ... whether a crime has been charged.... ” Byrd, 96-2302, p. 18; 708 So.2d at 411. See also State v. Guillot, 12-0652, p. 3 (La.App. 4 Cir. 2/20/13); 155 So.3d 551, 553. Thus, in order to properly determine the merits of a defendant’s pre-trial motion to quash under La.C.Cr.P. art. 532(7), a trial judge is required to solely examine the face of the bill of indictment to'ensure that the district attorney has instituted prosecution timely under La.C.Cr.P. art. 572 A(2). See Schmolke, 12-0406, p. 3; 108 So.3d at 299 (citing Advanced Recycling, 02-1889, pp. 9-10; 870 So.2d at 989) (“[T]he inquiry is whether any conceivable set of the facts as alleged in the bill of information ... if ‘found credible by the trier of fact’ can support a conviction.”). See also La. C.Cr.P. art. 464 (“The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.”).
|r,A district judge may not exceed this limited scope of review. The introduction and consideration of evidence at a hearing on a motion to quash under La.C.Cr.P. art. 532(7), however, necessitates that the trial judge rule on the merits of the prosecution’s case as to the date of the offense at issue. The trial judge during this limited pre-trial hearing is not permitted to make those determinations though as he has not yet assumed the role of “fact-finder” at trial.
Furthermore, this limited evidentiary scope is proper due to the great discretion granted district attorneys in their pursuit of prosecution within their districts. See Marcelin, 13-0893, p. 8; 131 So.3d at 432 (quoting La.C.Cr.P. art. 61) (“Our judicial system places the ‘control of every criminal prosecution instituted or pending in his district’ in the district attorney, and allows for the district attorney to decide ‘whom, when, and how he shall prosecute.’ ”). The burden imposed upon the district attorney in Reyer runs in contravention to these principles and permits the judiciary a significantly more active role in the pre-trial determination of when offenses occurred and whether prosecution is timely.
Thus, if the bill of indictment is not facially prescribed, the trial judge must permit the prosecution to continue as the district attorney has facially charged a crime for which it is the district attorney’s burden at trial to prove that the defendant committed beyond a reasonable doubt. If instead the date listed on a bill of information falls outside of the relevant prescriptive period, the district attorney must “show that the prosecution was timely instituted,” La.C.Cr.P. art. 577, and “bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled.” State v. Rome, 630 So.2d 1284, 1286 (La.1994).
A trial judge’s ruling on a motion to quash a facially timely bill of indictment under La.C.Cr.P. art. 532(7) is solely a question of law. See Schmolke, 12-0406, p. 2; 108 So.3d at 298. See, e.g., Rome, 630 So.2d 1284. As such, we 17review the merits of a trial judge’s ruling on this question of law de novo. See Schmolke, 12-0406, p. 1; 108 So.3d at 298.
B
As previously stated, in conducting a de novo review of the trial judge’s decision to *43 grant Ms. Cobb’s motion to quash, a reviewing court should first determine the relevant prescriptive period for the institution of prosecution in this case. Ms. Cobb was charged by bill of information with committing theft, a violation of La. R.S. 14:67 B and a felony not necessarily punishable by imprisonment at hard labor. Prosecution for that offense must be instituted within four years of the commission of that offense. See La.C.Cr.P. art. 572 A(2). We next examine the bill of information to determine whether the bill is facially prescribed. The bill of information in this case was filed on January 25, 2012, charging Ms. Cobb with committing felony theft on February 10, 2011. This bill is not prescribed on its face as prosecution was instituted within the first year of the date that the offense was allegedly committed. Thus, this panel initially found that the trial judge erred as a matter of law in granting Ms. Cobb’s pre-trial motion to quash this bill of information on the ground that the prosecution was not timely instituted.
Ill
Undoubtedly the review framework set forth in our original opinion as compared to that in Reyer results in less pre-trial judicial oversight of the district attorney’s discretion as to how and when to prosecute defendants. A defendant, however, is not without remedy should he perceive that his prosecution has been untimely instituted. First, a defendant should, prior to trial, move to request that a bill of particulars be filed by the district attorney, specifically urging that the date of the commission of the offense be corrected or included. See La.C.Cr.P. art. 484. Second, rather than utilizing a pre-trial motion to quash, a defendant may wait and |8urge that the prosecution is untimely instituted at any time during trial, see La.C.Cr.P. art. 535 cmt.(b)(4), or, following trial, a defendant may urge this defense as part of a motion in arrest of judgment. See La.C.Cr.P. art. 859(7). I elaborate further on these alternatives below.
A
“In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him.” La. Const, art. 1, § 13. If a defendant perceives that a bill of indictment is constitutionally deficient due to the improper listing or omission of the date of the offense, the proper procedural mechanism with which to urge its correction or inclusion is through a request for a bill of particulars. See La. C.Cr.P. art. 484 (“The court, on its own motion or on motion of the defendant, may require the district attorney to furnish a bill of particulars setting forth more specifically the nature and cause of the charge against the defendant.”). See. also La. C.Cr.P. art. 484 cmt.(a) (noting Article 484 is drafted in conformity with the constitutional requirement set forth in La. Const, art. I, § 13); Marcelin, 13-0893, p. 9; 131 So.3d at 432-33 (“It would be inappropriate to circumvent this clarifying procedural mechanism and subsequently quash a bill of information for its lack of clarity.”).
“Properly used, [a bill of particulars] should inform the defendant with particularity of all of the essential facts relied upon to prove the crime charged.... It is then that the defendant will know the scope of his criminal activity so as to properly defend himself....” State v. Rogers, 375 So.2d 1304, 1313 (La.1979) (on rehearing). See also State v. Brooks, 13-0540, p. 22 (La.App. 4 Cir. 9/18/13); 124 So.3d 1129, 1142; La.C.Cr.P. art. 484 cmt.(b). “The purpose is to avoid surprise at trial, guide the court in regulating the admission of evidence and provide a basis for a claim of double jeopardy. Since the defendant is presumed innocent he cannot be assumed *44 to know anything about the charges against him.” Gail Dalton |9Schlosser, La. Prac.Crim. Trial Prac. § 14:6. The bill of particulars, however, “cannot be employed in a fishing expedition for a recital of the details of the [district attorneyj’s evidence, nor used as a device to harass [the district attorney] by demands for nonessential details.” La.C.Cr.P. art. 484 cmt.(a).
“The extent to which a bill of particulars must be granted is determined by the nature and complexity of the case.” Schlosser, swpra. See also Rogers, 375 So.2d at 1313. “There is no exact formula which can be applied to every charge to determine in a particular case whether a defendant has all of the information to which he is constitutionally entitled.” State v. Atkins, 360 So.2d 1341, 1344 (La.1978). And a trial judge has “discretion in determining what the [prosecution] must disclose pursuant to a bill of particulars and that discretion will not be disturbed on appeal absent clear abuse.” Schlosser, supra.
“In providing information in response to a bill of particulars ..., the [district attorney] may be forced to release facts which reveal what its evidence will prove at trial.... [T]o the extent that information is properly elicited to give defendant notice of the nature and cause of the charge against him, the [prosecution] is required to respond to a bill of particulars even though the answers will disclose particular facts which the [district attorney] intends to establish through evidence.” State v. Miller, 319 So.2d 339, 343 (La.1975).
The time and date of an offense “is one of the particulars which may be stated in the indictment or furnished in a bill of particulars.” La.C.Cr.P. art. 468 cmt.(b). Generally, “[t]he date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense. If the date or time is not essential to the offense, an indictment shall not be held insufficient .... ” La.C.Cr.P. art. 468.
Defenses claimed by a defendant can also alter the content of the information required to be included in a bill of particulars. See, e.g., State v. Johnson, 333 So.2d 223, 225 (La.1976) (noting that a defendant claiming self-defense is entitled to information possessed by the district attorney regarding dangerous weapons found on or near the deceased). The general rule that date and time are not essential elements of an offense “may not operate to deprive a defendant of the opportunity to present a defense.” State v. Gerard, 627 So.2d 174, 176 (La.1993) (quotations omitted). While date is not usually an essential element of an offense, the date of the commission of an offense can become extremely important — thus requiring its inclusion in a bill of particulars — if the defendant puts forth two specific defenses. First, a defendant may assert an alibi defense. See, e.g., State v. LaPorte, 436 So.2d 681 (La.App. 4th Cir.1983); Gerard, 627 So.2d at 176 (“Even when they are not essential elements of an offense, time and date may become of the essence when the defendant presents an alibi defense to the offense charged, or is in some other way prejudiced by the date set forth in the indictment”) (quotations omitted). Second, the defendant, as Ms. Cobb has in this case, may claim that the prescriptive period for the institution of prosecution has expired. These defenses place the date of the commission of the offense squarely at issue and to deny a defendant access to such information would effectively deprive the defendant of the ability to assert those defenses.
The inclusion of, alteration of, or refusal to change a date on a bill of particulars by the district attorney can be extremely important even if the bill of indictment is not *45 immediately quashed because during the subsequent trial the district attorney “is limited in [his] proof to the facts recited in the bill of particulars.” State v. Huguet, 369 So.2d 1331, 1334 (La.1979). See also State v. Heymann, 256 La. 18, 235 So.2d 78, 79 (1970). “[T]he bill of particulars furnished ... operate[s] to limit the scope of proof on the trial by restricting the introduction of evidence to the proof of those facts set out in the bill of particulars.” La.C.Cr.P. art. 485 cmt.(a). Thus, if a defendant could not have committed the offense on the |ndate alleged in the bills of indictment and particulars, then the district attorney should not be able to convict the defendant as any other evidence of acts occurring at another date should be excluded from trial.
If the district attorney responds to the defendant’s motion by amending the date supplied in the bill of indictment such that the prosecution is now untimely instituted, the defendant should then file a motion to quash under La.C.Cr.P. art. 532(5), claiming that “a bill of particulars has shown a ground for quashing the indictment under Article 485.” A motion to quash under La.C.Cr.P. arts. 532(5) and 485 mandates that a prior motion requesting a bill of particulars under Article 484 be filed and for that bill of particulars to show a ground for granting the motion to quash. See Marcelin, 13-0893, p. 9; 131 So.3d at 432. Article 485 provides in relevant part: “If it appears from the bill of particulars furnished under Article 484, together with any particulars appearing in the indictment, ... that there is a ground for quashing the indictment, the court may on its own motion, and on motion of the defendant shall, order that the indictment be quashed unless the defect is cured.” La. C.Cr.P. art. 485. The expiration of the prescriptive period for the institution of prosecution under La.C.Cr.P. art. 532(7), as previously discussed, is one such ground.
A trial judge, considering a motion to quash under Article 532(5) for failure to timely institute prosecution, performs a functionally identical review as to those under Article 532(7) when determining whether the bill of indictment is timely filed. As such, the judge must accept as true the facts contained in the bills of indictment and particulars and determine as a matter of law and from the face of those documents whether a crime has been charged and whether prosecution has been timely instituted. See Byrd, 96-2302, p. 18; 708 So.2d at 411; Schmolke, 12-0406, p. 3; 108 So.3d at 298. See also State v. Gerstenberger, 260 La. 145, 255 So.2d 720, 722 (1971) (noting that such motion “must be disposed of as a matter of law on the 112face of the information and the bill of particulars”). A trial judge in making this determination may not consider factual defenses going to the merits of the offense charged. See Schmolke, 12-0406, p. 2; 108 So.3d at 298. See also Marcelin, 13-0893, p. 1; 131 So.3d at 429. “This scope of review is essential for a trial judge’s proper determination on a motion to quash under La.C.Cr.P. art. 532(5), and emphasizes the important role that bills of particulars play in allowing judges to review whether the offense charged was committed by the defendant or whether there is another ground for quashing the bill of information.” Id., 13-0893, p. 6; 131 So.3d at 431. A trial judge’s determination when reviewing a motion to quash under La. C.Cr.P. art. 532(5) that a bill of information is facially prescribed is solely a question of law. See Schmolke, 12-0406, p. 4; 108 So.3d at 299. We review the merits of that ruling de novo. See id., 12-0406, p. 1; 108 So.3d at 298.
As previously stated, if the date listed on a bill of information falls outside of the *46 relevant prescriptive period, the district attorney must “show that the prosecution was timely instituted,” La.C.Cr.P. art. 577, and “bears a heavy burden to demonstrate either an interruption or a.suspension of the time limit such that prescription will not have tolled.” Rome, 630 So.2d at 1286. In order to meet its heavy burden, the district attorney is required to introduce evidence and set forth facts in its response to and at the hearing on the defendant’s motion to quash sufficient to show that the prosecution was instituted timely through either an interruption, suspension, or extension of the prescriptive period. See State v. Brady, 13-0863, pp. 7-8 (La.App. 4 Cir. 12/11/13); 131 So.3d 166, 171 (noting that the district attorney failed to prove that the prescriptive period was interrupted pursuant to La.C.Cr.P. art. 575); State v. Adkisson, 602 So.2d 718, 719 (La.1992) (per curiam) (noting that the district attorney bears the burden to prove through the proper introduction of evidence that the prescriptive period was suspended pursuant to La.C.Cr.P. art. 573); State v. Roach, 10-0991, pp. 6-8 (La.App. 1 Cir. 12/22/10); 68 So.3d 558, 562-63 (requiring the district attorney to prove that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set forth in La.C.Cr.P. art. 578 in order to access the six month extension for reinstitution of prosecution under La. C.Cr.P. art. 576). See also La.C.Cr.P. arts. 573-573.1 (suspension); 575 (interruption); 576 (extension).
Whether a prescriptive period for the institution of prosecution was interrupted, extended, or suspended is a mixed question of law and fact, requiring a trial judge ■to make credibility determinations as to the facts alleged by the district attorney and the defendant and then apply those facts to exceptions to prescriptive periods. “In reviewing rulings on motions to quash where there are mixed questions of fact as well as law, ... a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion.” State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13); 115 So.3d 672, 673 n. 3. See also Marcelin, 13-0893, p. 6; 131 So.3d at 431 n. 2 (applying an abuse of discretion standard of review to rulings on motions to quash under La.C.Cr.P. art. 532(10) and based on Sixth Amendment speedy trial rights); State v. Love, 00-3347, pp. 910 (La.5/23/03); 847 So.2d 1198, 1206 (“Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.”).
B
Regardless of whether a defendant requests that the district attorney file a bill of particulars, a defendant may also choose to wait to claim that the prescriptive period for the institution of their prosecution was expired. Filing a motion to quash pre-trial is not the only means by which to claim the lapse of a prescriptive period for timely institution of prosecution. Waiting to assert this | ,4claim may, in fact, be the best practice when faced with a facially timely bill of indictment as this defense may only be raised once before the trial court. See La.C.Cr.P. arts. 577; 859(7). If this defense was not previously urged by a pre-trial motion to quash, a defendant could assert this claim during trial or after the conclusion of trial but prior to sentencing. Depending on when this claim is made, a different procedural vehicle need be utilized.
First, a defendant may assert that the prosecution was untimely instituted during trial. It is important to note that “[i]f *47 [prescription is] raised during the trial, a hearing thereon may be deferred until the end of the trial.” La.C.Cr.P. art. 577. Second, a defendant may file a motion in arrest of judgment following trial but before sentencing, claiming that “the prosecution was not timely instituted, if [such claim was] not previously urged.” See La. C.Cr.P. arts. 859(7); 861.
By utilizing either of these methods, a defendant can gain access to and use as evidence in support of their motion the entirety of the district attorney’s evidence introduced at trial. See State v. Bazile, 12-2243, p. 10 (La.5/7/13); 144 So.3d 719, 733 (quoting State v. Hunter, 250 La. 295, 195 So.2d 273, 275 (1967) (noting that a defendant need not understand the strength of the district attorney’s case and that, other than complying with the rules of pre-trial discovery, the district attorney is under “no legal obligation to ‘furnish to the defendant the details of the evidence with which it expects to prove its case’ ”). This allows for the trial judge to review all of the prosecution’s evidence regarding the timeliness of the commission of this offense when ruling.
IY
Finally, we examine evidentiary issues arising from the consideration of a motion to quash under La.C.Cr.P. art. 532(5, 7). Generally, “[e]vidence may be adduced in a motion to quash and at the subsequent hearing on the matter.” Marcelin, 13-0893, p. 5; 131 So.3d at 431. This “evidence is limited to procedural 11smatters,” Byrd, 96-2302, p. 18; 708 So.2d at 411, and “must not be to support a defense on the merits.” Marcelin, 13-0893, p. 5; 131 So.3d at 431.
The evidence that may be introduced in support of a motion to quash, whether attached to the motion itself or at the hearing, however, varies by the grounds asserted. In Gerstenberger, the Supreme Court has held that, while evidence may be introduced in consideration of some motions to quash, motions to quash claiming defects in the bill of indictment do “not allege a ground which admits of any proof of fact.” 255 So.2d at 722. See also State v. Turnbo, 07-270, p. 6 (La.App. 3 Cir. 10/3/07); 966 So.2d 1220, 1224. The trial court’s inability to review evidence when determining the merits of these motions to quash primarily stems from the previously-discussed review framework which calls for examination of the face of the bills of indictment and particulars alone. Therefore, trial courts err by allowing evidence to be heard in their consideration of this specific motion to quash. See Gerstenberger, 255 So.2d at 722.
In the hearings on the motions to quash in both Reyer and Cobb, no evidence was introduced into the record by the prosecution or the defendants. On appeal, however, both defendants sought consideration of certain evidence that they claimed to substantiate their claims that the prescriptive period for instituting prosecution had expired. Regardless of permissibility of the introduction of evidence at these hearings, to be considered on appeal, evidence must be properly introduced at a hearing or made part of the record prior to appeal. See State v. Jackson, 11-1280, p. 11 (La.App. 4 Cir. 8/22/12); 99 So.3d 1019, 1026; Miller v. Crescent City Health Care Ctr., 08-1347, pp. 7-11 (La.App. 4 Cir. 5/28/09); 24 So.3d 891, 898-901 (Tobias, J., concurring in part and dissenting in part) (collecting cases); Denoux v. Vessel Mgmt. Serv., Inc., 07-2143, p. 6 (La.5/21/08); 983 So.2d 84, 88. Attachments to briefs are not part of the appellate record and [, (¡should not be considered on appeal. Again, however, the introduction of evidence is inappropriate to substantiate this particular motion to quash.
*48 CONCLUSION
Our decision today is a mistake. A trial judge at the pre-trial stage of a criminal prosecution does not properly have authority to decide untethered to the indictment and a bill of particulars when an offense was committed in order to quash the indictment. But, because by en banc vote such is permitted by our circuit precedent, I am concurring when I really am dissenting.
DYSART, J., concurs for the reasons assigned by J. BONIN.

. 13-0135 (La.App. 4 Cir. 11/20/13); 129 So.3d 752, writ denied 13-2951 (La.8/25/14); 147 So.3d 697.

. We use bill of indictment generically to also include those prosecutions instituted by bill of information or affidavit. See La.C.Cr.P. art. 461.

. See 12-0406, p. 3 (La.App. 4 Cir. 1/16/13); 108 So.3d 296, 298.

. See 96-2302, p. 18 (La.3/13/98); 708 So.2d 401, 411.